DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMY CARLSON,**
Appellant,

v.

**VIKTOR FRENGUT,**
Appellee.

No. 4D21-1600

[September 14, 2022]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; George Odom, Judge; L.T. Case No. FMCE 18-001486 (41) (90).

Christopher N. Link of Christopher N. Link, P.A., Plantation, for appellant.

No brief filed for appellee.

CONNER, J.

Amy Carlson ("Former Wife") initially appealed the trial court's amended income withholding order (IWO) issued on May 12, 2021, arguing that the trial court abused its discretion by unilaterally reducing her periodic alimony payments without notice and opportunity to be heard. After we granted Former Wife's motion to relinquish jurisdiction, the trial court vacated the IWO issued on May 12, 2021, but did not issue any subsequent or amended IWO. Former Wife argues the trial court was required to enter a subsequent IWO after vacating the May 12, 2021 IWO. The record on appeal shows that during this appeal, appellee, the former husband, has been continuously and substantially in arrears in payment of alimony.

Former Wife correctly contends that the entry of an IWO in this case is statutorily mandated. Section 61.1301(1)(a), Florida Statutes (2021), states:

> Upon the entry of an order establishing, enforcing, or modifying an obligation for alimony, for child support, or for

alimony and child support, other than a temporary order, the court shall enter a separate order for income deduction if one has not been entered.

§ 61.1301(1)(a), Fla. Stat. (2021). Additionally, section 61.1301(1)(b)2. requires that the income deduction order shall:

> State the amount of arrearage owed, if any, and direct a payor to withhold an additional 20 percent or more of the periodic amount specified in the order establishing, enforcing, or modifying the obligation, until full payment is made of any arrearage, attorney's fees and costs owed, provided no deduction shall be applied to attorney's fees and costs until the full amount of any arrearage is paid.

§ 61.1301(1)(b)2., Fla. Stat. (2021). We have said that "[t]he statute is mandatory." *Seith v. Seith*, 337 So. 3d 21, 26 (Fla. 4th DCA 2022); *see also Dorsett v. Dorsett*, 902 So. 2d 947, 953 (Fla. 4th DCA 2005) ("It is unambiguous from both the statutory language and its judicial interpretation that every child support order is to be accompanied by an income deduction order.").

Although the trial court vacated the IWO initially appealed (presumably because it reduced the monthly alimony obligation without notice and opportunity to be heard by Former Wife), the trial court failed to enter an subsequent IWO that addresses not only the former husband's obligation to pay an ongoing amount of alimony monthly, but also the obligation to make a monthly payment toward an accrued arrearage of alimony. In her initial brief, Former Wife requested that we direct the trial court to comply with its statutory obligation.

We therefore dismiss as moot the portion of the appeal seeking to reverse the May 12, 2021 IWO, and remand the case for the trial court to enter an IWO that fulfills the requirements of section 61.1301.

*Dismissed in part and remanded for further proceedings.*

GERBER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2